UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTOPHER KNIGHT,

    Plaintiff,

v.                                                                    Case No: 6:25-cv-691-JSS-LHP

TRANSUNION,
LLC and EXPERIAN
INFORMATION
SOLUTIONS, INC.,

    Defendants.
_____/

## ORDER

Defendants move to dismiss Plaintiff's complaint. (Dkt. 9.) Plaintiff, proceeding pro se,[1] opposes the motion, and in the alternative, moves to amend the complaint. (Dkts. 18, 27, 37.) Plaintiff also moves for a trial by jury. (Dkt. 36.) Defendants have not responded to Plaintiff's motions, and the time for doing so has passed. *See* M.D. Fla. R. 3.01(c). Upon consideration, for the reasons outlined below, the court grants in part and denies in part Defendants' motion and grants in part and denies in part Plaintiff's motions.

---

[1] The court recommends that all pro se litigants read the court's Guide for Proceeding Without a Lawyer, available as a PDF file from https://www.flmd.uscourts.gov/litigants-without-lawyers, and that they avail themselves of the other resources found through this website.

## BACKGROUND

The bases for Plaintiff's claims are unclear. (*See* Dkt. 1-1.) He seems to allege that Defendants violated the Fair Credit Reporting Act (FCRA) by including "inaccurate, unverifiable, and misleading information regarding certain accounts" in Plaintiff's credit reports. (*Id.* at 3.) Plaintiff also claims that "Defendants continue to report inaccurate information on Plaintiff's credit reports, including but not limited to:," but Plaintiff fails to include anything after the colon. (*Id.*) Plaintiff then generally asserts that "[t]hese inaccuracies have caused harm to [him], including credit denials, increased interest rates, emotional distress, damage to his reputation, and defamation of character." (*Id.*)

## APPLICABLE STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to "contain . . . a short and plain statement of [a] claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 10(b) requires the plaintiff to "state [his] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). To "promote clarity," Rule 10(b) also requires the plaintiff to state "each claim founded on a separate transaction or occurrence . . . in a separate count." *Id.* "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Shotgun pleadings "fail . . . to give the defendants adequate notice of the claims against them

and the grounds upon which each claim rests." *Id.* at 1323. A court should dismiss a complaint as a shotgun pleading "where 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'" *Id.* at 1325 (emphasis omitted) (quoting *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)).

Although courts "give liberal construction" to documents filed by pro se plaintiffs, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007), pro se plaintiffs are still "required . . . to conform to procedural rules," *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002). *See Cummings v. Dep't of Corr.*, 757 F.3d 1228, 1234 n.10 (11th Cir. 2014) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981))). Further, the leniency with which courts treat pro se plaintiffs does not permit courts to "serve as de facto counsel" or "rewrite an otherwise deficient pleading." *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

## ANALYSIS

Defendants move to dismiss the complaint for failure to state a claim. (Dkt. 9.) Although Defendants do not directly state that the complaint constitutes a shotgun pleading, (*see id.*), they assert that "it is unclear what Plaintiff is truly alleging or what each [D]efendant is alleged to have done because the allegations are the same against all [D]efendants," (*id.* at 3; *accord id.* at 7 ("[I]t is unclear what Plaintiff is actually alleging . . . ."); *see id.* at 5 (describing shotgun pleadings)). Further, "the district court

ought to take the initiative to dismiss . . . [a] shotgun pleading." *Weiland*, 792 F.3d at 1321 n.10. Because the court determines that the complaint is a shotgun pleading, the court grants the motion to dismiss on that basis and does not address the remaining arguments. *See Magluta v. Samples*, 256 F.3d 1282, 1284–85 (11th Cir. 2001) (declining to address the merits of the claims in a shotgun pleading in the interest of judicial economy); *Murray v. Taylor*, No. 6:24-CV-6-CEM-LHP, 2024 WL 4956968, at *4 (M.D. Fla. July 31, 2024), *report and recommendation adopted by* No. 6:24-CV-6-CEM-LHP, 2024 WL 4647947, at *2 (M.D. Fla. Nov. 1, 2024) (collecting cases); *Laing v. Cordi*, No. 2:11-CV-566-FTM-29, 2012 WL 2999700, at *2 (M.D. Fla. July 23, 2012) ("[T]he [c]ourt cannot resolve the substantive issues [in the motions to dismiss] because the [operative] [c]omplaint is a shotgun pleading."). However, dismissal with prejudice is unwarranted; instead, the court permits Plaintiff to amend as long as he complies with all directions in this order. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018) ("When a litigant files a shotgun pleading, . . . a district court must sua sponte give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds."); *Isaac v. United States*, 809 F. App'x 595, 599 (11th Cir. 2020) ("While [the Eleventh Circuit] said that *Vibe Micro* applied to counseled parties, there is no indication that it would not apply to pro se litigants, especially since pro se parties are entitled to more leniency.").[2]

---

[2] Defendants argue that the court should dismiss the complaint with prejudice because amendment would be futile. (Dkt. 9 at 10–11.) Defendants assert that "there is no way that Plaintiff could manipulate the facts to state a claim" because "Plaintiff fails to identify what accounts are at issue in his [c]omplaint and does not allege any inaccurate information, much less allege how the information

Plaintiff's complaint is a shotgun pleading. The Eleventh Circuit has identified four categories of shotgun pleadings. *See Weiland*, 792 F.3d at 1321–23. The complaint implicates at least the first two categories. (*See* Dkt. 1-1.) First, it contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland*, 792 F.3d at 1321; *see Smith v. Bos. Sci. Corp.*, No. 3:21-CV-815-MMH-JRK, 2021 WL 11132751, at *1 (M.D. Fla. Aug. 27, 2021) (striking a complaint as a shotgun pleading where each count stated that "[the p]laintiff reallege[d] and incorporate[d] by reference each and every allegation of th[e] [c]omplaint as if each were set forth fully and completely herein"). (*See* Dkt. 1-1 at 3–4 ("Plaintiff incorporates all preceding paragraphs as if fully set forth herein.").) Second, the complaint contains "conclusory, vague, and immaterial facts." *Weiland*, 792 F.3d at 1322. The complaint's factual allegations do not provide dates, details, or other information to support the claims. (*See* Dkt. 1-1 at 3.) The conclusory and vague nature of the complaint makes it a shotgun pleading. *See Dubose v. Wish Farms Inc.*, No. 8:24-CV-01810-KKM-TGW, 2024 WL 4987427, at *1 (M.D. Fla. Sept. 26, 2024) (holding that a complaint was a shotgun pleading where the plaintiff "reference[d] various years in his complaint . . . but d[id] not explain what occurred in those years").

---

is inaccurate, such as an incorrect balance or incorrect payment history, but instead only wants unidentified 'inaccuracies' to be removed." (*Id.* at 11.) Yet failure to allege sufficient factual information can be fixed through an amended complaint that alleges such information. Amendment is therefore not necessarily futile. (*See id.* (citing *Amick v. BM & KM, Inc.*, 275 F. Supp. 2d 1378, 1389 (N.D. Ga. 2003); *Spear v. Nix*, 215 F. App'x 896, 902 (11th Cir. 2007)).)

Plaintiff must support his claims with "enough factual allegations" to make them plausible. *Pinson v. JPMorgan Chase Bank, N.A.*, 942 F.3d 1200, 1215 (11th Cir. 2019).

Plaintiff responds that the complaint "clearly alleges that . . . Defendants are reporting accounts for which they lack proper verification and documentation." (Dkt. 27 at 5.) Plaintiff further contends that "[w]hile [he] could have provided more details about specific accounts, this level of specificity is not required at the pleading stage." (*Id.* at 6.) However, these contentions obfuscate the underlying pleading deficiency that the complaint provides no factual content or context from which the court or Defendants may reasonably infer that Defendants violated Plaintiff's rights. *See Franklin v. Curry*, 738 F.3d 1246, 1250 (11th Cir. 2013) ("It is important that defendants be apprised of the conduct that forms the basis of the charges against them."). The court is left to speculate regarding which accounts Defendants are reporting, how many accounts, and why the reporting is misleading. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (stating that a complaint's factual allegations must be enough to raise a right to relief above the speculative level); *see also Weiland*, 792 F.3d at 1323 (observing that the "unifying characteristic of all types of shotgun pleadings is that they fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests").

If Plaintiff repleads, he shall heed this order to avoid a future shotgun pleading. *See Vibe Micro*, 878 F.3d at 1296. The court cautions Plaintiff that an amended complaint supersedes a previous complaint, meaning that any information Plaintiff currently knows or has access to that is relevant to the claims and Plaintiff wants the

court to consider should be included in the amended complaint. *See TVPX ARS, Inc. v. Genworth Life & Annuity Ins. Co.*, 959 F.3d 1318, 1327 (11th Cir. 2020). If Plaintiff files an amended complaint, he shall include factual allegations supporting the elements for each count's claim because "a formulaic recitation of the elements of a cause of action," standing alone, "will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Each count must include only the elements and facts applicable to it. *See Ely v. Mobile Cnty. Sch. Bd.*, No. 15-566-KD-M, 2016 WL 3188926, at *8, 2016 U.S. Dist. LEXIS 73665, at *21 (S.D. Ala. May 11, 2016) ("[The p]laintiff should clearly state under each count the law under which he is proceeding[,] clearly list what facts apply to that count[,] clearly explain under each count how the legal right implicated by that count was violated (including how each element of the cause of action is alleged)[,] and clearly articulate the relief requested—all with statements of relevant facts rendering the claims plausible but without excessive tangential or irrelevant material."), *report and recommendation adopted by* 2016 WL 3189244, at *1, 2016 U.S. Dist. LEXIS 73663, at *1 (S.D. Ala. June 7, 2016). "Plaintiff shall incorporate into each count only those factual allegations necessary to support the count." *Pringle v. Seminole Cnty. Pub. Sch.*, No. 6:24-CV-835-JSS-DCI, 2025 WL 20019, at *7 (M.D. Fla. Jan. 2, 2025).

## CONCLUSION

Accordingly:

1. The motion to dismiss (Dkt. 9) is **GRANTED in part and DENIED in part**. Plaintiff's complaint (Dkt. 1-1) is **DISMISSED without prejudice** as a shotgun pleading.  The motion is otherwise **DENIED without prejudice**.

2. The motion to amend (Dkt. 27) is **GRANTED**.  Plaintiff may file an amended complaint on or before October 17, 2025.  The court cautions Plaintiff that "an order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the deadline to amend expires without the plaintiff amending its complaint or seeking an extension."  *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719–20 (11th Cir. 2020).

3. If the amended complaint fails to correct the deficiencies identified in this order or to comply with any of this order's directives, the court may dismiss the amended complaint without notice to Plaintiff.

4. The motion for trial by jury (Dkt. 36) is **DENIED**.  Plaintiff has already properly asserted his right for a jury trial, and this request is preserved to the extent that Plaintiff is entitled to it.  (Dkt. 1-1 at 4.)  *See* Fed. R. Civ. P. 38(b).

   **ORDERED** in Orlando, Florida, on September 26, 2025.


_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party